5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 REPUBLIC WESTERN INSURANCE COMPANY, dba Oxford Property &
Casualty Insurance Company,
Plaintiff-counter-defendant-cross-defendant,
v.
C V STARR & COMPANY; Granite State Ins. Co., a New
Hampshire corporation, Defendants-cross-defendants-Appellees,
v.
HOGE, FENTON, JONES & APPEL INC., a professional
corporation; John B. Stohlton; Lewis L. Fenton,
Counter and cross-claim defendants-Appellants.
REPUBLIC WESTERN INSURANCE COMPANY, dba Oxford Property &
Casualty Insurance Company,
Plaintiff-counter-defendant-Appellant,
v.
C V STARR & COMPANY; Granite State Ins. Co., a New
Hampshire corporation, Defendants-Appellees,
and
Hoge, Fenton, Jones & Appel Inc., a professional
corporation; et al., Defendants-counter-claimants,
 Nos. 92-15493, 92-15586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the Northern District of California; Nos. CV-91-01407-JPV, CV-91-1407-JPV, John P. Vukasin, Jr., District Judge, Presiding
 N.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The wording of the Granite insurance policy does not require it to provide the coverage that Midland would have provided had it not become insolvent. California law, as stated in Reserve Ins. Co. v. Pisciotta, 640 P.2d 764 (Cal.1982), requires only that ambiguity be resolved in favor of the insured, not that the policy make specific provision for the insolvency of an underlying carrier. Span, Inc. v. Associated Int'l Ins. Co., 277 Cal.Rptr. 828, 835 (Cal.Ct.App.1991).
 
 
 3
 The phrase "as underwritten by" is not ambiguous with regard to the assumption of risk of an underlying insurer's insolvency, especially given the context in which the phrase is used in the excess policy. In the context of an insurance policy, Webster's Third New International Dictionary defines "underwrite" to mean:
 
 
 4
 2: to write one's name under or set one's name to (an insurance policy) for the purpose of thereby becoming answerable for a designated loss or damage on consideration of receiving a premium percent: insure on life or property; also: to assume (a sum or risk) by way of insurance[.]
 
 
 5
 Webster's Third New International Dictionary Unabridged at 2491 (1986). Only a strained interpretation of "as underwritten by" can convert this phrase into an agreement to provide for insolvency drop down.
 
 
 6
 "Disagreement concerning the meaning of a phrase does not automatically make the policy ambiguous. Ambiguity is not necessarily to be found in the fact that a word or phrase isolated from its context is susceptible of more than one meaning." Castro v. Fireman's Fund Am. Life Ins. Co., 253 Cal.Rptr. 833, 836 (Cal.Ct.App.1988) (footnote and internal quotation omitted). Nor does the mere absence of a policy definition of a phrase render it ambiguous as a matter of law. Id.
 
 
 7
 Unlike the terminology used in the policies in Reserve, Fageol Truck & Coach Co. v. Pacific Indemn. Co., 117 P.2d 669 (Cal.1941), and Coca Cola Bottling Co. of San Diego v. Columbia Casualty Ins. Co., 14 Cal.Rptr.2d 643 (Cal.Ct.App.1992), the phrase "as underwritten by" as used in the Granite policy does not leave room for a reasonable interpretation of insolvency drop down. We "will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists." Reserve, 640 P.2d at 767-68.
 
 
 8
 The Granite policy, "when read as a whole and without isolating parts thereof," Denny's Inc. v. Chicago Ins. Co., 286 Cal.Rptr. 507, 512 (Cal.Ct.App.1991), does not contemplate insolvency drop down by Granite. We therefore conclude that the Granite policy unambiguously does not include the risk of Midland's insolvency within the scope of its coverage.
 
 
 9
 In light of this conclusion, it is unnecessary to discuss the appellants' remaining arguments. The order of the district court granting summary judgment to Granite is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3